## COYNE'S CASE.

Cumberland County. Decided January 17, 1928. On January 19, 1927, while in the employ of the Portland Forwarding Co., Inc., John E. Coyne received a compensable injury. An agreement between the employer and the employee as to payment of compensation was approved according to law, on March 29, 1927, by which agreement compensation was payable at the rate of eighteen dollars per week, during the period of temporary total incapacity, beginning January 26, 1927, due to the injury, and that additional compensation be paid for any subsequent period of incapacity either total or partial due to the same injury, in accordance with the Maine Workmen's Compensation Act.

On the 7th day of April, 1927, the insurance carrier presented a petition for review to determine present incapacity, alleging since said agreement or decree was made the incapacity for which the employee was being compensated had diminished or ended, that the employee had refused and continues to refuse to go to a hospital for a proper examination by a physician selected by the insurance carrier; and that the employee had failed and refused to co-operate with and submit to such treatment as the physicians treating him prescribed; wherefore the insurance carrier prayed that compensation might be diminished or ended. There is no testimony in the record to show that Coyne refused to go to a hospital for treatment, nor that he refused to be examined by a physician selected by the employer; on the contrary he was examined by an expert physician selected by the employer.

The insurance carrier presented two physicians, both of whom testified in substance supporting the contention of the insurance carrier, as to diminished incapacity. On the other hand one physician was called by Coyne, who testified in opposition to those called by the insurance carrier.

After hearing before the Associate Legal Member it was ordered and decreed that the petition be dismissed and compensation continued under the agreement. The case reaches this court upon appeal by the insurance carrier.

Counsel for the insurance carrier in argument says; "The only issue is whether or not the evidence in the case justified the finding by the commission. Our contention is that it did not, and that the appeal should be sustained, regardless of the fact that our court has consistently held that if there is any legal evidence on which the finding can be based that it will not be disturbed."

In cases of this class the Supreme Court is not authorized to determine the preponderance or weight of testimony; and will not pass on the weight of the evidence as to controverted facts. It is for the trier of facts, who sees and hears witnesses, to weigh their testimony and without appeal to determine their trustworthiness, *Mailman's Case*, 118 Me. 172. Appeal dismissed. Coyne to recover taxable costs. Decree below affirmed. *Edmund P. Mahoney and Abraham Breitbard*, for claimant. *William H. Tribou and Hinckley, Hinckley & Shesong*, for respondents.